# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 94-0093-WS |
| ) | |
| MICHAEL CHEESE, ) | |
| ) | |
|     Defendant. ) | |

## ORDER

This matter comes before the Court on defendant Michael Cheese's Motion (doc. 202). Although the Motion is styled as a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Crack Cocaine Offense," the body of the Motion reflects that Cheese requests only that counsel be appointed "to help him file a 3582 motion," such that this Motion is not a § 3582 motion, but is instead a motion for appointment of counsel.

It is well established that a defendant has no right to appointed counsel in connection with a motion to modify sentence under § 3582(c)(2). *See, e.g., United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). After careful review of the court file, the Court finds that fundamental fairness does not require that Cheese receive the assistance of a trained advocate to pursue his § 3582(c)(2) or other motion for reduction of sentence pursuant to the Fair Sentencing Act of 2010. Accordingly, the motion for appointment of counsel is **denied**.

Even if Cheese actually intended his filing to be a § 3582 motion, rather than one for appointment of counsel to assist in preparing such a motion, denial remains appropriate. Cheese invokes certain provisions of the Fair Sentencing Act of 2010, which was signed into law on August 3, 2010. However, that Act has not been made retroactive to offenses occurring prior to August 2010. *See, e.g., United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) ("because the FSA took effect in August 2010, after appellant committed his crimes, 1 U.S.C. § 109 bars the Act from affecting his punishment"); *United States v. Reevey*, 2010 WL 5078239, *3-4 (3rd Cir. Dec. 14, 2010) (collecting cases and concluding that every federal appellate court to have

addressed the issue has deemed the FSA not to be retroactive, and adopting that view); *United States v. Ross*, --- F. Supp.2d ----, 2010 WL 5168794, *1 (S.D. Fla. Dec. 17, 2010) (recognizing that FSA "was not made retroactive to crimes committed before November, 2010"); *United States v. Rivera*, 2010 WL 4679901, *1 (M.D. Fla. Nov. 10, 2010) ("Nothing in the Fair Sentencing Act of 2010 expressly permits the reduction of a sentence which has already been imposed and has been upheld on direct appeal. Additionally, the Fair Sentencing Act of 2010 is not retroactive."). Cheese committed his crimes many years before the Fair Sentencing Act of 2010 took effect; therefore, its provisions are not available to him. As such, to the extent that Cheese's filing is construed as a § 3582(c)(2) motion invoking that act, the motion is due to be, and the same hereby is, **denied**.

DONE and ORDERED this 5th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE