IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERCIA, | * |
| Plaintiff, | * |
| vs. | * CRIMINAL NO. 94-00093-WS-B |
| MICHAEL ANTHONY CHEESE, | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendant Michael Anthony Cheese's Motion to Proceed In Forma Pauperis on Appeal. (Doc. 217). Defendant's motion was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3).

An appeal may not be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. 1915(a)(3); FED. R. APP. P. 24(a)(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are

"indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

In his Notice of Appeal (Doc. 210), Defendant seeks to appeal the Court's Order (Doc. 209) dated June 6, 2012. In the Order, the Court denied Cheese's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a determination that Defendant was found responsible for 1.29 kilograms of crack cocaine, and that Amendment 750 to the U.S. Sentencing Guidelines did not reduce the base offense level for offenses involving 1.29 kilograms of crack cocaine. (Id.). The record reflects that subsequent thereto, Cheese filed a motion seeking reconsideration of the Court's June 6, 2012 Order. (Doc. 212). The Court denied the motion, and in doing so, observed that the authority of the district court to modify an imprisonment sentence is narrowly limited by statute, and that a defendant can not utilize § 3582 (c)(2) to collaterally attack

2

aspects of the original sentencing decision that were not affected by an intervening retroactive guideline range. (Doc. 213). Accordingly, the Court denied Cheese's Motion for Reconsideration, and certified that any appeal from the Court's Order would be plainly frivolous and not in good faith, and that Cheese would not be permitted to pursue an appeal in forma pauperis. In light of foregoing, the undersigned finds that Cheese's motion is due to be denied. Accordingly, it is recommended that Defendant's Motion for Leave to Appeal in forma pauperis be denied and that the District Judge certify in writing that Defendant's appeal is frivolous, without arguable merit and not taken in good faith. Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636 (b)(3), Defendant does not have the opportunity to file an objection. Minetti v. Port of Seattle, 152 F. 3d 1113, 114 (9th cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."); Roy v. Correctional Medical Services, 2012 US. Dist. LEXIS 117101 (Aug. 16, 2012). The Clerk is therefore **DIRECTED** to refer this Report and Recommendation to the Chief District Judge without the necessity of a waiting period.

Done this **22nd** day of **August, 2012.**

                                           /s/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**